**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PETER KONG-QUEE and VALRIE KONG-QUEE, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No.: 1-04-CV-03417-RLV |
| LIEN FILERS, ETC. LLC and SIGMAN AND SIGMAN GUTTERS, INC., ) ) ) | |
| Defendants. ) ) | |

**DEFENDANT LIEN FILERS, ETC. LLC'S MOTION TO DISMISS**

COMES NOW, Lien Filers, Etc. LLC, Defendant in the above-captioned case, and moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint against Defendant for failure to state a claim upon which relief can be granted.  In support of this motion, Defendant submits herewith its brief containing argument and citation of authorities.

WHEREFORE, Defendant respectfully request that this motion be granted and that Plaintiff's Complaint be dismissed with prejudice.

This 22 day of February, 2005.

                                              Respectfully submitted,

                                              FRANZÉN AND SALZANO, P.C.

2

                                                                                                             s/John H. Bedard, Jr._____
Therese G. Franzén
Georgia Bar No. 492367
John H. Bedard, Jr.
Georgia Bar No. 043473
R. Scott Johnson
Georgia Bar No. 395195

40 Technology Parkway South, Suite 202
Norcross, Georgia  30092-2906
(770) 248-2885 (Phone)
(770) 248-2883 (Fax)
jbedard@franzen-salzano.com

## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PETER KONG-QUEE and VALRIE KONG-QUEE, ) ) ) Plaintiffs, ) ) v. ) ) LIEN FILERS, ETC. LLC and SIGMAN ) AND SIGMAN GUTTERS, INC., ) ) Defendants. ) | Civil Action No.: 1-04-CV-03417-RLV |

## BRIEF IN SUPPORT OF DEFENDANT LIEN FILERS, ETC. LLC'S MOTION TO DISMISS

Defendant Lien Filers, Etc. LLC (hereinafter referred to as "Lien Filers") submits this Brief in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff brings this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), violations of the Georgia Fair Business Practices Act ("FBPA"), and slander of title. Count Four of Plaintiffs' Complaint makes no allegations against Lien Filers.

Plaintiffs are not satisfied with the home improvement services performed by Sigman and Sigman Gutters, Inc. ("Sigman"). This Defendant had nothing to

3

do with the repair work conducted by Sigman and Plaintiffs bring this action against Lien Filers stating no cognizable claim for relief. For reasons identified below, Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## **FACTUAL ALLEGATIONS**[1]

On November 17, 2003, Plaintiffs hired Sigman to install new gutters on their home, remove the old gutters, and repair damaged facia wood. (Complaint ¶ 6). Plaintiffs are not satisfied with the quality of Sigman's work and refused to pay Sigman for its services until they were satisfied. (Complaint ¶ 7). Plaintiff alleges that Sigman caused Lien Filers to perform the administrative task of filing with the clerk of court its materialman's lien on the Plaintiffs' property. (Complaint, ¶ 8). This Complaint makes no other factual allegations against Defendant Lien Filers whatsoever.

Plaintiffs *do not* allege that Lien Filers had any direct or indirect communication with Plaintiffs; that Lien Filers has asserted any rights to Plaintiffs' property; or that Lien Filers made any representations to Plaintiffs or that any such representations were false. Although Lien Filers denies that it is a debt collector subject to the FDCPA, Plaintiffs *do not* allege that Lien Filers was attempting to collect any amount other than the amount specified in the contract between the

---

[1] Plaintiff's allegations are treated as true for the purpose of this motion only.

Plaintiffs and Sigman.  Indeed, Plaintiffs *admit* owing payment to Sigman for services rendered.  (Complaint, ¶ 7).  Finally, Plaintiffs fail to allege that the behavior of this Defendant had a harmful effect on the general consumer public.

## ARGUMENT AND CITATION OF AUTHORITY

### Standard For Deciding 12(b)(6) Motion

"In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the allegations of the complaint and all reasonable inferences from the facts alleged must be taken as true.  A complaint must not be dismissed unless it is shown that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1297 (11th Cir. 2003).  Thus, the movant sustains a high burden in cases under Rule 12(b)(6).  Dismissal is appropriate, however, if the complaint fails to allege facts regarding an element of the claim necessary to obtain relief.  Furthermore, a motion to dismiss should be granted if an affirmative defense or other bar to relief appears on the face of the complaint.  Prudential Insurance Company of America v. Baum, 629 F. Supp. 466 (N.D. Ga. 1986) (quotations and citations omitted).

The only violations of law alleged against this Defendant are as follows: Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692g, §1692e(2), §1692f(1); the Georgia Fair Business Practices Act O.C.G.A. § 10-1-390 *et seq.*;

and libel and/or slander of title.  For the reasons stated below, Plaintiffs' Complaint should be dismissed in its entirety for failure to state a claim against this Defendant.

1. **FAIR DEBT COLLECTION PRACTICES ACT**

    a. <u>Plaintiffs Fatally Fail To Allege The Necessary Elements Of A Claim Under 15 U.S.C. §1692g.</u>

In order to state a claim under 15 U.S.C. §1692g(a), Plaintiffs must allege that Lien Filers had an "initial communication" with the Plaintiffs.[2]  By the very language of the statue, if there is no "initial communication" with the Plaintiffs by Lien Filers, then the obligation to provide a validation notice under this section is never triggered.  15 U.S.C. §1692g.

Nowhere in the Complaint do Plaintiffs allege any communication whatsoever with Lien Filers.  Absent any allegation that Lien Filers had an "initial communication" with Plaintiffs, *and* that such communication was in connection with the collection of a debt, Plaintiffs have not stated a claim under 15 U.S.C. §1692g(a).

---

[2] § 1692g(a) states in part:
   (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing  . . .

6

In order to state a claim under 15 U.S.C. §1692g(b), Plaintiffs must allege (1) that they sent written correspondence to Lien Filers within the thirty day validation period *and* (2) that Lien Filers failed to respond or otherwise cease collection on the debt.[3] 15 U.S.C. §1692g(b). Plaintiffs' Complaint is completely void of any such allegations. Lien Filers simply performed the administrative task of filing the lien with the clerk. (Complaint, ¶ 8). Plaintiffs do not allege that they disputed the debt in writing or otherwise requested validation. For these reasons, Plaintiffs' claims under 15 U.S.C. §1692g must fail.

> b. <u>Plaintiffs Fail To State A Claim Under 15 U.S.C. §1692e(2) Because They Do No Allege Any False Representations By Lien Filers</u>

In order to state a claim under 15 U.S.C. §1692e(2), Plaintiff must allege that Lien Filers made a false representation about the character of the debt or about the debt collector's compensation.[4] 15 U.S.C. 1692e(2). Plaintiffs' Complaint

---

[3] 15 U.S.C. §1692g(b) states in part:
    (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer . . .the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . .is mailed to the consumer by the debt collector.

[4] Prohibiting certain false, deceptive, or misleading behavior, 15 U.S.C. § 1692e(2) prohibits:
    (2) The false representation of –
        (A) the character, amount, or legal status of any debt; or
        (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

makes no allegations whatsoever about any representations made by Lien Filers. (This Defendant struggles even to find the word "represent" in Plaintiff's Complaint.) The exclusive allegation against Lien Filers is that it filed co-Defendant Sigman's materialman's lien with the clerk of court. (Complaint, ¶ 8). Indeed Plaintiff admits owing *some* debt to Defendant Sigman for its services. (Complaint, ¶'s 6-7). The Complaint utterly fails to allege any facts about an alleged "representation" by Lien Filers. Even if all of Plaintiffs' allegations were true, Plaintiffs do not state any claim under 15 U.S.C. §1692e(2).

      c. Plaintiffs *Admit* Owing A Debt To Co-Defendant Sigman; Therefore, They State No Claim Under 15 U.S.C. §1692f(1).

In order to state a claim under 15 U.S.C. §1692f(1), Plaintiffs must allege that Lien Filers attempted to collect an amount not authorized by the original agreement between Plaintiffs and Sigman or otherwise authorized by law.[5] 15 U.S.C. §1692f(1). Assuming only for the purposes of this motion that Lien Filers is a debt collector at all, Plaintiffs fail to allege that the amount of payment sought by Sigman for the services it performed was some amount *other than* what was authorized in the contract between Plaintiffs and Sigman. Plaintiffs are alleging

---

[5] Prohibiting certain unfair and unconscionable collection activity, 15 U.S.C. §1692f(1) prohibits:
      (1) The collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

that they are not happy with Sigman's work, and therefore, they do not believe they should pay Sigman.  Plaintiffs *do not* allege that the amount of payment Sigman sought was an amount other than that which was authorized by the contract.  In order to state a claim, Plaintiffs must allege that Lien Filer sought to collect an amount not authorized by the contract.  15 U.S.C. §1692f(1).   The Complaint is void of any such allegations, and should; therefore, be dismissed.

2. **GEORGIA FAIR BUSINESS PRACTICES ACT**

   a. <u>Lien Filers' Alleged Actions Do Not Affect The Consumer Market Place.</u>

Plaintiffs' entire claim against Lien Filers under the Georgia Fair Business Practices Act ("FBPA") consists of the following sentence: "Neverthess, defendant Sigman and Sigman Gutters, Inc. and defendant Lien Filers, Etc. LLC have attempted to collect money for work that was negligently performed and was not completed in a workman-like manner." (Complaint ¶ 16).  The objective of the FBPA is the elimination of deceptive acts and practices in the consumer marketplace.  <u>Zeeman v. Black</u>, 156 Ga. App. 82, 273 S.E.2d 910 (Ga. Ct. App. 1980).  Recovery under the FBPA requires at least (1) that the plaintiff be a consumer and (2) that the act complained of had or has a potential harmful effect on the general consuming public.  <u>O'Brien v. Union Oil Co. of Cal.</u>, 699 F.Supp.

9

1562 (N.D. Ga. 1988).  Consumer acts and practices under the FBPA encourage consumer transactions which are defined as the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes.  O.C.G.A. § 10-1-392.

To state a claim under the FBPA, the plaintiff must allege that the defendant's actions had an impact on the consumer market place.  O'Brien, 699 F. Supp. at 1570.  "Any act or practice which is outside [the context of the consumer marketplace], no matter how unfair or deceptive, is not directly regulated by the FBPA."  Zeeman, 156 Ga. App. at 84, 273 S.E.2d at 915.  The acts of Lien Filers alleged by Plaintiffs to be in violation of the FBPA are not consumer acts under the statute.  No sale, purchase, lease, or rental of goods, services, or property is alleged to have taken place between Plaintiffs and Lien Filers.  Even generously interpreted, the alleged actions of Lien Filers were merely debt collection activities.  These allegations belie a sufficient claim under the FBPA.

Plaintiffs further fail to allege that such activities had any effect on the general consuming public.  By Plaintiff's own allegations, the activities were not in the "consumer marketplace," but instead directed exclusively for the purpose collecting a debt pursuant to a private contract (which is not the sale, purchase,

lease, or rental of goods, services, or property).  For these reasons, Plaintiffs have failed to allege sufficient facts to state a claim under the FBPA.

Plaintiffs admit that the alleged wrongful behavior arose exclusively from a private contract between them and Sigman.  (Complaint, ¶ 6).  Necessarily, this private contract does not affect the consuming public.  The purpose of the FBPA is not to correct private wrongs of an individual plaintiff, but rather to prevent deceptive practices directed at the general consuming public.  See Zeeman, 156 Ga. App. at 82-83, 273 S.E.2d at 913.  Such practices have not occurred here nor has Plaintiff alleged that such activities have occurred.  Plaintiff has not alleged that the activities of Lien Filers took place in the context of the consumer marketplace and the activities are; therefore, not subject to regulation by the FBPA.  Accordingly, Plaintiffs' claim under the Georgia FBPA must be dismissed.

3.  **SLANDER/DEFAMATION OF TITLE**[6]

Georgia does not recognize the tort of wrongfully filing a claim of lien. Amador v. Thomas, 259 Ga. App. 835, 578 S.E.2d 537 (2003).  Defamation of title requires: (1) publication of slanderous or libelous words; (2) with malice; (3) causing special damages; and (4) regarding property in which the plaintiff has an interest.  Simmons v. Futral, 262 Ga. App. 838, 586 S.E.2d 732 (2003).  The filing

---

[6] If the Court dismisses the federal causes of action, Defendant submits that the Court should decline to exercise jurisdiction over any state causes of action Plaintiff may have stated.

of a lien pursuant to O.C.G.A. § 44-14-361.1, even if not enforceable, enjoys the "privilege against liability for slander provided by O.C.G.A. § 51-5-7(3) for statements made in good faith to protect the speaker's interest." F.S. Assocs. v. McMichael's Constr. Co., 197 Ga. App. 705, 708, 399 S.E.2d 479, 482 (1990). The law protects the actions allegedly engaged in by Lien Filers. Plaintiffs have failed to state a claim for defamation of title.

In order to state a cause of action for defamation of title, the statement contained in the lien must be false and the claimant must be aware of its falsity. Simmons v. Futral, 262 Ga. App. 838, 842, 586 S.E.2d 732, 735 (2003). Here, Plaintiffs allege Sigman furnished labor and materials for repairs to their property but have refused to pay for same. (Complaint ¶ 7). Plaintiffs admit; however, owing the debt pursuant to a contract between Plaintiffs and Sigman. (Complaint ¶ 6). Plaintiffs *do not* allege that the content of the lien was false, but that the lien should not have been filed at all because they are unhappy with the quality of Sigman's work. (Complaint, ¶ 24). Plaintiff has failed to allege this necessary element of their cause of action and; therefore, it should be dismissed.

## CONCLUSION

Plaintiffs have utterly failed to allege facts sufficient to state a claim under any law they have identified. Neither the FDCPA nor the FBPA apply to the

activities of Lien Filers.  Defendant Lien Filers respectfully requests that Plaintiffs' Complaint be dismissed with prejudice.

This 22 day of February, 2005.

                Respectfully submitted,

                FRANZÉN AND SALZANO, P.C.

                s/John H. Bedard, Jr._____
                Therese G. Franzén
                Georgia Bar No. 492367
                John H. Bedard, Jr.
                Georgia Bar No. 043473
                R. Scott Johnson
                Georgia Bar No. 395195

40 Technology Parkway South, Suite 202
Norcross, Georgia  30092-2906
(770) 248-2885 (Phone)
(770) 248-2883 (Fax)
jbedard@franzen-salzano.com

## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PETER KONG-QUEE and VALRIE KONG-QUEE, ) ) ) Plaintiffs, ) ) v. ) ) LIEN FILERS, ETC. LLC and SIGMAN ) AND SIGMAN GUTTERS, INC., ) ) Defendants. ) _____) | Civil Action No.: 1-04-CV-03417-RLV |

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2005, I electronically filed this Defendant Lien Filers, Etc. LLC Motion to Dismiss with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ralph S. Goldberg
attorneygoldberg@hotmail.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

This 22 day of February, 2005.        Respectfully submitted,

                                        FRANZÉN AND SALZANO, P.C.

                                        /s/ John H. Bedard, Jr.
                                        Therese G. Franzén
                                        Georgia Bar No. 492367

John H. Bedard, Jr.
Georgia Bar No. 043473

40 Technology Parkway, South, Suite 202
Norcross, Georgia 30092-2906
(770) 248-2885 (Phone)
(770) 248-2883 (Fax)
jbedard@franzen-salzano.com