```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

PETER KONG-QUEE and          )
VALRIE KONG-QUEE,            )
                             )
     Plaintiff,              )
                             )
vs.                          )    CIVIL ACTION
                             )    FILE NO. 04 CV 3417
LIEN FILERS, ETC. LLC and    )
SIGMAN and SIGMAN GUTTERS,   )
INC.,                        )
                             )
     Defendants.             )
```

**DEFENDANTS SIGMAN and SIGMAN GUTTERS, INC.'s
INITIAL DISCLOSURES**

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

    Defendant is properly identified.


(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

    None known at this time.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

    Defendant SIGMAN GUTTERS, INC. is not a "debt collector" as defined in the FDCPA. Defendant Sigman did not breach its contract with Plaintiff. Defendant has compulsory counterclaims against Plaintiffs for the gutters it installed on their home and asserts its counterclaims subject to its Motion to Dismiss

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case

law which defendant contends are applicable to this action.

*Hudson v. Delta Air Lines, Inc*., 90 F.3d 451 (11th Cir. 08/05/1996)

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

    David Johnson general of Defendant Sigman, Dallas Olson operations manager and Margret Gilbert accounting may be contact through Charles C. Black.

    Jim Perry installed the gutters and his whereabouts are unknown.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

    None at this time.

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

    Contract for installing Gutters

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.

    Payment of $2,775.00 for installation of gutters on Plaintiff home.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

    None known at this time.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

    None known at this time.

                                 <u>S/Charles C. Black</u>
                                 CHARLES C. BLACK
                                 Ga. Bar # 059580
                                 Attorney for Defendant
                                 SIGMAN and SIGMAN GUTTERS, INC

BANNISTER and BLACK
Attorneys at Law
Suite 100
231 Maxham Road
Austell, Georgia 30168
(770) 944-3032