```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

PETER KONG-QUEE and            :
VALRIE KONG-QUEE,
                               :       CIVIL ACTION NO.
     Plaintiffs,
                               :       1:04-CV-3417-RLV
          v.
                               :
LIEN FILERS, ETC. LLC and
SIGMAN and SIGMAN GUTTERS,     :
INC.,
                               :
     Defendants.
                               :
```

**RESPONSE TO DEFENDANT SIGMAN AND SIGMAN GUTTERS, INC.'S MOTION TO DISMISS**

Plaintiffs believe that defendant Sigman and Sigman Gutters, Inc. does not understand 28 U.S.C. § 1367, the F.D.C.P.A, or the G.F.B.P.A.

To begin with, 28 U.S.C. § 1367 specifically allows what used to be pendent party jurisdiction. 28 U.S.C. § 1367(a). *See* McCray v. Holt, 777 F.Supp. 945, 948 (S.D.Fla. 1991). *See also* Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1567 (11th Cir. 1994).

While this defendant cannot be sued under the F.D.C.P.A. for debt collection abuse, the defendant can certainly be sued for collection abuse under the G.F.B.P.A. These claims certainly arise out of the same transaction or occurrence. *See* Juras v. Aman Collection Service, Inc.,

829 F.2d 739, 745 (9th Cir. 1987); Carrigan v. Central Adjustment Bureau Inc., 494 F.Supp. 824 (N.D.Ga. 1980); later opinion 502 F.Supp. 468 (N.D.Ga. 1980); Wegmans Food Markets, Inc. v. Scrimpsher, 17 B.R. 999 (N.D.NY 1982)(Bank); Williams v. Empire Funding Corp., 2004 WL 966235 (E.D.Pa. 2004) at fn. 1; Piper v. Portnoff Law Associates, 216 F.R.D. 325 (E.D.Pa. 2003).  Indeed all of the Northern District's G.F.B.P.A. cases cited at page 4-6 of plaintiffs' response to defendant Lien Filers, Etc. LLC's Motion to Dismiss involve pendent jurisdiction.

   The slander of title claim arises from the very conduct that violates the G.F.B.P.A. and (for the other defendant) the F.D.C.P.A.  This too arises out of the same transaction or occurrence.  Kuhn v. Account Control Technology, Inc., 865 F.Supp. 1443 (D.Nev. 1994); Larranaga v. Mile High Collection & Recovery Bureau, Inc., 807 F.Supp. 111 (D.NM 1992); Ploog v. Home Side Lending, Inc., 209 F.Supp.2d 863, 871 (N.D.Ill. 2002); Johnson v. Federal Express Corp., 147 F.Supp.2d 1268, 1271 (M.D.Ala. 2001).

   As plaintiffs pointed out in the original brief to Lien Filers at page 7, before a lien can be enforced, there must be "A substantial compliance by the party claiming the lien."  O.C.G.A. § 44-14-361(a)(1).  That, of necessity, calls into account whether the contract was breached or

not, which goes directly to the question of how much was legally due under 15 U.S.C. § 1692(s) or 1692f(1).

The one case cited by defendant, Hudson v. Delta Airlines, Inc., 90 F.3d 451 (11th Cir. 2005) at 456 is distinguishable. As the Court noted " the alleged facts in underlying Count V are completely unrelated to the allegations of support of the ERISA claims. *Id.* This claim does arise "from the same facts, or involve similar...witnesses or evidence." *Id*. at 455. *See* McWilliams v. American Medical Intern. Inc., 960 F.Supp. 1547, 1568 (N.D.Ala. 1997) reversed in part, vacated in part 198 F.Supp. 1547, 1568 (11th Cir. 1999); Mikula v. Great Lakes Financial Services, Inc., 2004 WL 1656556 (N.D.Ill. 2004); *Cf.* Long v. Shorebank Development Corp., 182 F.3d 548 (7th Cir. 1999); *Compare* Brown v. Budget Rent a Car Systems, Inc., 119 F.3d 922 (11th Cir. 1997) and Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1517 (9th Cir. 1994).

The Court clearly has ancillary jurisdiction, and the motion to dismiss should be denied.

                              Respectfully submitted,

                              _/s/ Ralph Goldberg_____
                              Ralph Goldberg
                              Bar No. 299475
                              Attorney for Debtor

```
Ralph Goldberg, P.C.
1766 Lawrenceville Hwy.
Decatur, GA 30033
(404) 636-0331
(404) 320-1922 FAX
```

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel of record for the opposing party in the foregoing matter with a copy of this document *either* by depositing in United States Mail copies of the same in properly addressed envelopes with adequate postage thereon *or* by notification of electronic filing.

Charles C. Black
Bannister and Black
Ste. 100
231 Maxham Road
Austell, GA 30168

John H. Bedard, Jr.
Franzen & Salzano
Ste. 202
40 Technology Parkway South
Norcross, GA 30092-2906

This __11th__ day of __March_____, 2005

_/s/ Ralph Goldberg_____
Ralph Goldberg
Attorney for Plaintiffs

Ralph Goldberg, P.C.
1766 Lawrenceville Hwy.
Decatur, GA 30033
(404) 636-0331
(404) 320-1922 FAX