**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PETER KONG-QUEE and VALRIE KONG-QUEE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: 1-04-CV-03417-RLV |
| LIEN FILERS, ETC. LLC and SIGMAN AND SIGMAN GUTTERS, INC., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT LIEN FILERS, ETC. LLC'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant Lien Filers, ETC. LLC "Lien Filers", submits its reply to Plaintiff's Response to Defendant's Motion to Dismiss as follows:

**I.   Evidence Attached To Plaintiffs' Response Should Not Be Considered Because It Is Outside The Pleadings.**

Plaintiffs have attached to their Response what they allege to be the initial communication by Lien Filers with Plaintiffs. This document was not attached or referenced in Plaintiffs' Complaint. Plaintiffs' attachment of this document is improper, as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) pertains only to the pleadings themselves. GSW,

Inc. v. Long County, 999 F.2d 1508 (11th Cir. 1993). While it is true that evidence can be reviewed by the court when analyzing a motion to dismiss, such review is appropriate only if the evidence is attached the pleadings and effectively becomes part of the pleadings. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496 (5th Cir. 2000).

"Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." Fonte v. Bd. of Mgrs. of Continental Towers Condominium, 848 F.2d 24, 25 (2nd Cir. 1988). Even factual allegations contained in legal briefs and memoranda are considered "outside the pleadings" and not proper for consideration upon a motion to dismiss. United Steelworkers of America, AFL-CIO v. American International Aluminum Corp., 334 F.2d 147, 149 (5th Cir. 1964), *cert. denied*, 379 U.S. 991, 85 S. Ct. 702 (1965).

This Court should not consider the evidence attached to Plaintiffs' Response. The attached evidence was not referenced in Plaintiffs' Complaint and consequently is outside of the pleadings.

II.    **Even If The Court Considers Plaintiffs' Evidence, It Does Not Constitute An "Initial Communication In Connection With Collection Of A Debt"**

Plaintiffs are wrong on the law. There can be no violation of 15 U.S.C. § 1692g unless there has first been an "initial communication with a consumer in connection with the collection of any debt. . ." 15 U.S.C. § 1692g. Plaintiffs' Complaint does not allege such communication; therefore, the Complaint must be dismissed.

Even if the Court considers Plaintiffs' attached evidence, Plaintiffs still do not state a claim. Plaintiffs have alleged a violation of 1692g which requires a validation notice only under certain circumstances. A validation notice is required within five days of an "initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g (emphasis added). The communication alleged by Plaintiffs to have constituted an initial communication was not "in connection with the collection of the debt," rather, it was notice required by law. O.C.G.A. § 44-14-361.1(a)(2). The notice attached to Plaintiffs' Response is required by O.C.G.A. § 44-14-361.1(a)(2), not "in connection with the collection of a debt."[1] Even if this Court considers Plaintiffs' evidence, the

---

[1] At the very least, the communication was not with Plaintiff Peter Kong-Quee, and his claims should be dismissed. It was address only to "Valrie."

3

evidence is not a communication which triggers notice requirements under 1692g. Plaintiffs' claims should be dismissed.

  III.  **The FDCPA Is Not A Proper Vehicle For Relief For Plaintiffs' Dissatisfaction With Work Performed By Sigman**

  Plaintiffs attempt to use the FDCPA for purposes not within its scope. Plaintiffs argue that because they disputed the quality of the work performed by Sigman, there was no "debt" eligible for "collection". Even if the quality of the work is suspect, the FDCPA is not the vehicle for relief. The purpose of the FDCPA is to regulate debt collection activities and curtail abusive and deceptive collection practices, not to provide a cause of action for private contractual disputes. Plaintiffs allege no such abuse or deceptive practices. Furthermore, Plaintiffs' dissatisfaction with the work does not automatically prohibit the filing of a lien under O.C.G.A. § 44-14-361. Rather it calls into question only the enforceability of the lien. O.C.G.A. § 44-14-361.1. Plaintiffs have failed to state a claim.

  IV.  **There Is No FBPA Claim When Plaintiffs Fail To Allege Lien Filers' Participation In "Consumer Transactions" Occurring In The "Consumer Marketplace"**

  By Plaintiffs' own authority, the Georgia Court of Appeals has stated that when addressing a FBPA claim, "the court must <u>first determine</u> that the particular

4

activity occurred in the conduct of consumer transactions and consumer acts or practices before determining whether the acts or practices in issue are unfair or deceptive." Regency Nissan, Inc., v. Taylor, 194 Ga. App. 645, 646, 391 S.E.2d 467, 469 (1990)(emphasis added). Plaintiffs have not alleged that Lien Filers actions were part of a consumer transaction. "Consumer transactions" are defined under the FBPA as the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes. O.C.G.A. § 10-1-392(a)(3). Plaintiffs have not alleged that Lien Filers engaged in the sale, purchase, lease, or rental of goods, services or property. The claim must fail.

Plaintiffs cite a myriad of caselaw for the proposition that debt collection activity is within the scope of state fair business practice acts. However, in those cases, the debt collector was actively engaged in direct contact with the debtor in connection with the collection of a debt. In this case, Plaintiff has failed to allege n initial communication with the debtors, much less any direct collection activity.

Plaintiffs have not alleged that a consumer transaction took place between Lien Filers and Plaintiff. Without an effect on the consumer marketplace, no violation of the FBPA can exist. Plaintiffs can allege no facts that would bring

Lien Filers within the scope of the FBPA.  Accordingly, Plaintiffs FBPA claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### V. Substantial Compliance With The Underlying Contract Is Not An Element Of A Slander Of Title Claim.

Plaintiffs rely on the substantial compliance requirement of O.C.G.A. § 44-14-361.1 to establish that they have stated a claim for slander of title and, moreover that the issue is one for a jury.  Plaintiffs misinterpret O.C.G.A. § 44-14-361.1 and fail to apply the analysis necessary for a slander of title claim.  "To prevail on a claim for slander of title the act or words in question must be false or malicious."  F.S. Assocs., Ltd. v. McMichael's Construction Co., 197 Ga. App. 705, 708, 399 S.E.2d 479, 481-482 (1990).   As Plaintiffs quote in their Response, the substantial compliance requirement goes only to the effectiveness and the enforceability of the lien. O.C.G.A. § 44-14-361.1.  The substantial compliance requirement is supplemented by temporal filing requirements.  Id.  If any of these requirements are not met the lien is not good and is ineffective and unenforceable. Id.  Such unenforceability does not automatically give rise to a claim for slander of title; only a defense to a subsequent foreclosure of the defective lien.  Plaintiffs' attempt to inject a substantial compliance inquiry into a cause of action predicated solely on falsity is improper.

## **Conclusion**

For the reasons set forth herein, Lien Filers respectfully requests this Court dismiss Plaintiffs' Complaint with prejudice in its entirety.

This 18th day of March, 2005.

                                              Respectfully submitted,

                                              FRANZÉN & SALZANO, P.C.

                                              /s/ John H. Bedard, Jr.
                                              Therese G. Franzén
                                              Georgia Bar No. 492367
                                              John H. Bedard, Jr.
                                              Georgia Bar No. 043473
                                              R. Scott Johnson
                                              Georgia Bar No. 395195

40 Technology Parkway South, Suite 202
Norcross, Georgia  30092-2906
Ph.  (770) 248-2885
Fx. (770) 248-2883
jbedard@franzen-salzano.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PETER KONG-QUEE and VALRIE KONG-QUEE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LIEN FILERS, ETC. LLC and SIGMAN AND SIGMAN GUTTERS, INC., )<br>)<br>Defendants. )<br>_____) | Civil Action No.:<br>1-04-CV-03417-RLV |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2005, I electronically filed Defendant Lien Filers, Etc. LLC's Reply to Plaintiffs' Response to Defendant's Motion for to Dismiss using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ralph S. Goldberg                         Charles C. Black
attorneygoldberg@hotmail.com              cblack@bellsouth.net


This 18th  day of March, 2005.            Respectfully submitted,

                                                    /s/ John H. Bedard, Jr.
                                                  John H. Bedard, Jr.
                                                  Georgia Bar No. 043473

40 Technology Parkway South, Suite 202
Norcross, Georgia  30092-2906
Ph.  (770) 248-2885
Fx. (770) 248-2883
jbedard@franzen-salzano.com

## FONT CERTIFICATION

The undersigned counsel for Lien Filers, Etc. LLC hereby certifies that the foregoing *Defendant Lien Filers, Etc. LLC's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss* was prepared using Times New Roman 14-point font in accordance with LR 5.1B.

This 18th day of March, 2005.

                                                Respectfully submitted,

                                                /s/ John H. Bedard, Jr.
                                                John H. Bedard, Jr.
                                                Georgia Bar No. 043473

Franzen and Salzano, P.C.
40 Technology Parkway South, Suite 202
Norcross, Georgia  30092-2906
Ph.  (770) 248-2885
Fax. (770) 248-2883
jbedard@franzen-salzano.com